IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY JAMES DRAUGHON,<br>AIS #187266,<br><br>   Plaintiff,<br><br>v.<br><br>BILL FRANKLIN, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:20-CV-507-ECM<br>)       (WO)<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Anthony James Draughon, a *pro se* inmate, initiated the instant 42 U.S.C. § 1983 action challenging the constitutionality of conditions at the Elmore County Jail. Doc. 1 at 1–3. Due to his failure to file necessary financial information, the court entered an order upon the initiation of this case requiring Draughon to "file either the appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by an account statement from the account clerk at the Elmore County Jail showing the average monthly balance in plaintiff's jail account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the same period of time *or*, if he does not seek *in forma pauperis* treatment, the $400 filing/administrative fees." Doc. 2 at 1–2. The order further directed "that the plaintiff shall immediately inform the court and the defendants of any change in his address as the failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 2 at 2.

The Clerk mailed a copy of this order to Draughon at the last address he provided for service.[1] The postal service, however, returned this order as undeliverable because Draughon no longer resides at this address. Based on the foregoing, the court entered an order noting Draughon's failure to provide a current address and requiring that he do so "on or before August 18, 2020 . . . ." Doc. 3 at 1. The court also "specifically cautioned [Draughon] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 3 at 1. As of the present date, Draughon has failed to provide the court with his current address. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. The imposition of monetary or other punitive sanctions against Draughon would be ineffectual, as plaintiff is indigent. It likewise appears that, since his release from jail, Draughon is simply no longer interested in the prosecution of this case. Thus, the court finds that any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Draughon's whereabouts are unknown.

Accordingly, the court concludes that Draughon's failure to inform the court of a current address as is required to prosecute this action warrants dismissal of this case. The

---

[1] The last address provided by Draughon is the Elmore County Jail.

authority of courts to impose sanctions for failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 30, 2020** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, on this the 16th day of September, 2020.

                                                                      /s/ Susan Russ Walker  
                                                                      Susan Russ Walker  
                                                                       United States Magistrate Judge